FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 17  AM 9: 11

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TRAVIS D. BARTON** | * | CIVIL ACTION NO. 00-0293 |
| Plaintiff | | 00-293 |
| | * | JUDGE CARL J. BARBIER |
| **VERSUS** | | SECTION "J" |
| | * | |
| **GLOBAL MARINE DRILLING** | | MAGISTRATE : 5 |
| **COMPANY** | * | |
| Defendant | | |

\* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S REPLY MEMORANDUM**

MAY IT PLEASE THE COURT:

Travis D. Barton has reviewed defendant's reply memorandum in support of its Motion for Summary Judgment and avers that the affidavit of Bert Jones served as the Plaintiff's Statement of Material Facts. Although the affidavit is what it purports to be, it Should serve as a Statement of Material facts, and is attached again. However in an abundance of caution, in order to respond to defendant's reply memorandum received after 4pm yesterday, January 16th, 2001, plaintiff submitted a revised Statement of Material facts to assure that plaintiff has complied with Local Rule 56.2. Therefore, defendant's Statement of Material Facts should not be deemed admitted as defendant suggests in its reply memorandum.

Defendant suggests in its reply memorandum that there exist no genuine issues of Material fact. This simply is not true. There is a genuine issue of material fact as to whether or not there was sufficient time for the plaintiff to clear the walkway in which he was injured. The defendant claims that there was adequate time, however, the plaintiff

claims that he was instructed by his superior to put everything else aside to load the casing and that as a result, he and the other roustabouts were unable to properly clear the walkway in which Travis Barton tripped and injured his left knee. There is also a dispute as to whether or not the walkway was clear. Mr. Sehon, the crane operator on the night of the accident, testified in his deposition that the walkway was clear, however, Mr. Barton and Mr. Jones, the plaintiff and a fellow roustabout respectively, both claim that there was debris in the walkway. The defendant claims that the plaintiff was able to see the objects in the walkway and that his injuries are as a result of his own negligence, however, seeing objects in a walkway and being able to navigate around them in a slippery walkway during an emergency situation are entirely different. These genuine issues of material fact should be argued in a trial on their merits.

    Lastly, defendant cites <u>Billedeaux v. Tidex,Inc.</u>, 1993 WL 21420 (E.D. La. 1993), affd. 3 F.3d 437 (5th Cir. 1993) to support its Motion for Summary Judgment. In <u>Billedeaux</u>, plaintiff was injured as he tripped while moving a hose rack. He had an unobstructed path, yet chose another which was more convenient. The court ruled in favor of the defendant as there was another unobstructed route available, yet the plaintiff chose the obstructed route.

    <u>Billedeaux</u> is not analogous to the instant case. In <u>Billedeaux</u>, the plaintiff acted out of convenience, not out of necessity. In the instant case, Travis Barton, as well as other crew members, did not take that route because it was more convenient, they chose that route as an emergency situation was unfolding. One of the mooring lines had popped and the plaintiff as well as the rest of the crew was responding to the emergency call over the p.a. system for help with the emergency situation. Travis Barton was doing his job the

best way he knew how. He did not have time to ponder the alternatives nor to move objects out of his path. He was forced to navigate around a walkway which was slippery and laden with debris. Travis Barton was not negligent on the night of his accident, he was simply doing what was asked of him by his superiors as efficiently as he possibly could. Global Marine is attempting to avoid liability by blaming Travis Barton for doing exactly what his superiors told him to do, and that would not be just. Therefore, defendant's Motion for Summary Judgment should be DENIED as a matter of law as there exist genuine issues of material fact which should be brought to trial on their merits.

Respectfully submitted,
Davis and Saunders P.L.C.

*/s/ Benjamin Saunders*

BENJAMIN B. SAUNDERS #11733
NICHOLAS B. CASTROGIOVANNI #26235
3113 Sixteenth Street
Post Office Box 8801
Metairie, Louisiana 70011-8801
Telephone: (504) 837-9525

Attorneys for Plaintiff,
TRAVIS D. BARTON

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this __17__ day of __JANUARY__, 20 _01_, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage prepaid.

*/s/ Ben S.*

# AFFIDAVIT

PARISH OF JEFFERSON
STATE OF LOUISIANA

BEFORE ME, the undersigned Notary Public, came and appeared:

## BERT JONES

who, after being sworn, did depose and state:

1. He currently resides at 9250 Dean Road, Apt. 316, Shreveport, Louisiana;

2. He is working for Nabors Offshore;

3. He is working light duty in Houma, Louisiana currently due to being injured;

4. He has been out of the oil field since injuring his knee;

5. He was employed by Global Marine Drilling Company on March 8, 1997;

6. He was working with Travis Barton at the time of Mr. Barton's accident on March 8, 1997;

7. At the time of Mr. Barton's accident, Mr. Jones was coming out of the change room at the same time Mr. Barton was coming around the corner and he saw Mr. Barton slip/trip on a pallet in the walkway.

8. The incident occurred sometime in the evening when it was dark;

9. The weather conditions were rough enough for the boat to pop a mooring line;

10. There were designed walkways on deck and there were pallets stacked up in the walkway area with chemicals where Mr. Barton fell at the time of his accident;

11. There was some Aqua Gel on the deck;

12. Aqua Gel gets slippery when wet;

13. The pad eye that Mr. Barton hurt his knee on was the same color as the deck of the rig;

14. The job duties that he and Mr. Barton were performing were required to be done quickly. The crane operator was hollering that the boat was off the mooring line and they had to hurry to get it fixed. There was little time to stop and assess the conditions of the deck. They were in an emergency situation;

15. Usually when they are running the casings, it has to be done fast. There is not a lot of time. They do not like the cranes to be tied up with anything;

16. The oil field preaches to take your time to do what you can, but when it comes down to it, they rush you to do everything;

17. The crane operator talked to the crew about the assignment and running the casing and instructed the crew to put everything else aside for the moment so that the pipe could be moved up to the top rack so it was ready to be run.

18. Further affiant sayeth not.

_____    _____
WITNESS                              BERT JONES

_____    _____
WITNESS                              DATE  1-8-01

SWORN AND SUBSCRIBED BEFORE ME,
THIS __8__ OF __January__, 2001.

_____
NOTARY PUBLIC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TRAVIS D. BARTON** | * | **CIVIL ACTION NO. 00-0293** |
| **Plaintiff** | | |
| | * | **JUDGE CARL J. BARBIER** |
| **VERSUS** | | **SECTION "J"** |
| | * | |
| **GLOBAL MARINE DRILLING** | | **MAGISTRATE : 5** |
| **COMPANY** | * | |
| **Defendant** | | |

\* \* \* \* \* \* \* \*

### TRAVIS D. BARTON'S
### STATEMENT OF MATERIAL FACTS

NOW INTO COURT, through undersigned counsel comes plaintiff, Travis D. Barton. Plaintiff avers that a Statement of Facts was previously filed, as the affidavit of Bert Jones is his statement of facts. Although the affidavit is what it purports to be, it should serve as a Statement of Facts and is attached. However, in an abundance of caution, in order to respond to Defendant's reply memorandum received after 4pm yesterday, Plaintiff respectfully submits the following Statement of Material Facts. In addition, Plaintiff takes this opportunity to list additional material facts for this court's perusal in opposition to defendant's Motion for Summary Judgment:

1. On March 8, 1997, Travis D. Barton was employed by Global Marine Drilling Company and served as a roustabout aboard the ADRIATIC VII, not the lead roustabout.

2. At about 11:30 pm on March 8, 1997, Travis Barton tripped over debris in a slippery walkway while rushing ( not running ) to secure a mooring line which had broken ( an emergency situation ).

3. One of the roustabouts' duties were to clean up such debris, however, the roustabouts were unable to do so as they were instructed to " put everything else aside" as they were busy helping move casing from the main deck to the upper pipe rack.

4. The debris left in the walkway was not left by Travis Barton's crew, it was left by the opposite roustabout crew before Travis Barton's crew began their tour.

5. While Travis Barton was familiar with his surroundings, he was no more familiar with the walkway than any other part of the rig.

6. The objects in the obstructed walkway consisted of mop buckets, pallets, and Chemicals such as aqua gel.

7. Travis Barton, as well as the other roustabouts, did not have ample time to clear the walkway as they were busy helping to move the casing.

8. While the walkway was not totally blocked, it was obstructed, and it was necessary to navigate around the objects in the slippery walkway to pass safely.

9. Travis Barton may have seen the debris in the walkway as he approached, but he was unable to safely navigate around the objects obstructing the slippery walkway.

10. Following his accident, Travis Barton did return to the rig and performed his duties as a roustabout, however he experienced pain and swelling in his left knee as he performed his duties. All the while he was performing his duties, he favored his left knee and shifted most of his weight on his right knee.

11. After seventeen months of having shifted his weight to the right knee, that knee gave out on him as he ascended a set of stairs in August 1998.

12. While there was no specific incident leading to the August 1998 injury to Travis Barton's right knee, seventeen months of wear on the knee from shifting his weight finally took its toll and he heard a pop as the knee was injured.

13. After his right knee was surgically repaired, Travis Barton resumed his duties as a roustabout, however now he had problems with both knees.

14. Travis Barton continued to work until March 1999 until he could no longer tolerate the pain in his left knee as he did not have a healthy leg to shift his weight to, and the problem with his left knee got progressively worse.

Respectfully submitted,
Davis and Saunders, P.L.C.

_____
BENJAMIN B. SAUNDERS #11733
NICHOLAS B. CASTROGIOVANNI #26235
3113 Sixteenth Street
Post Office Box 8801
Metairie, Louisiana 70011-8801
Telephone : (504) 837-9525

Attorneys for Plaintiff,
TRAVIS D. BARTON